

FILED
JAMES J. VILT, JR. - CLERK
FEB 09 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA

v.

**JOSHUA M. FRANKLIN**

INDICTMENT

NO. 1:22-CR-6-GNS

33 U.S.C. §§ 1311(a)
1319(c)(2)(A)

The Grand Jury charges that:

COUNT 1
(Knowing Discharge of Pollutants into Waters of the United States)
33 U.S.C. §§ 1311(a) and 1319(c)(2)(A)

At all times relevant to this Indictment:

Statutory Background

1. The Federal Water Pollution Control Act, Title 33, United States Code, Section 1251 *et seq.*, more commonly known as the Clean Water Act, was enacted by Congress to restore and maintain the chemical, physical, and biological quality of the Nation's waters. 33 U.S.C. § 1251(a).

2. The Clean Water Act prohibits the discharge of any pollutant into waters of the United States, except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollutant Discharge Elimination System by the United States Environmental Protection Agency, or by a state with an approved permit program. 33 U.S.C. §§ 1311(a) and 1342.

3. The term "pollutant" means dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt, and industrial, municipal, and agricultural waste discharged into water. 33 U.S.C. § 1362(6). Oil and produced water—a

byproduct of oil production also known as brine water—are "pollutants" under the Clean Water Act.

4. The term "discharge of a pollutant" means the addition of any pollutant to navigable waters from any point source. 33 U.S.C. § 1362(12)(A).

5. The term "navigable waters" means the waters of the United States, including the territorial seas. 33 U.S.C. § 1362(7).

6. A "point source" is "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, . . . conduit, well, [or] discrete fissure . . . from which pollutants are or may be discharged. 33 U.S.C. § 1362(14).

### Defendant JOSHUA M. FRANKLIN

7. Defendant **JOSHUA M. FRANKLIN** was an operator at an oil lease tank battery located in Columbia, Kentucky (hereinafter "the site"). The site consisted of four oil tanks that each held approximately 210 barrels of crude oil, an oil/water separator, and a tank for holding brine water.

### Oil Well Tank Battery Operation

8. Defendant **JOSHUA M. FRANKLIN**'s responsibilities as an operator included preparing the oil in the tank for customers to purchase. This required ensuring that the oil did not contain brine water, a waste product from oil production.

9. Under normal operating conditions, brine water was removed from the oil by use of an oil/water separator at the site.

### Discharge of Pollutants

10. On August 22, 2018, the oil/water separator at the site was not functioning.

11. In order to remove the brine water from the oil on that date, Defendant **JOSHUA M. FRANKLIN** attached a conduit to the discharge valve at the bottom of the oil tank and placed the

open end of the conduit so that it was directed toward a nearby creek. At approximately 7:00 a.m., Defendant **JOSHUA M. FRANKLIN** opened the tank valve, allowing a mixture of brine water and oil to discharge from the tank.

12. Defendant **JOSHUA M. FRANKLIN** left the site with the oil tank discharge valve still open and discharging the oily mixture.

13. During the time that **JOSHUA M. FRANKLIN** was gone from the site, approximately 100 barrels of brine water and oil were discharged from the oil well tank and into the creek.

14. On or about August 22, 2018, in the Western District of Kentucky, the Defendant, **JOSHUA M. FRANKLIN**, knowingly discharged pollutants, that is, brine water and oil, from a point source into a water of the United States, without a permit issued under Title 33, United States Code, Section 1342.

All in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A).

A TRUE BILL

**REDACTED**

FOREPERSON

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

DANIEL W. DOOHER
Senior Trial Attorney
RYAN CONNORS
Trial Attorney
Environmental Crimes Section

3

UNITED STATES OF AMERICA v. **JOSHUA FRANKLIN**

### PENALTIES

Count One Not more than 3 yrs/ $250,000 or both/Not more than 1 yr. Supervised Release

### NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule.   You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.   18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.   This rate changes monthly.   Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.   18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.   18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:
Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY   40202
502/625-3500

BOWLING GREEN:
Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY   42101
270/393-2500

OWENSBORO:
Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY   42301
270/689-4400

PADUCAH:
Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY   42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.